**HAMBURG AMERIKA LINIE, Plaintiff,**

v.

**GULF PUERTO RICO LINES, INC., Defendant.**

**Civ. No. 74–1033.**

United States District Court, D. Puerto Rico.

Jan. 31, 1977.

Jiménez & Fusté, San Juan, P. R., for defendant.

## OPINION WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

WATSON, District Judge:

Plaintiff shipowner is seeking to recover from the defendant stevedoring company the $9,106.00 judgment plaintiff paid to an injured longshoreman. Plaintiff claims its liability resulted from defendant's negligence and breach of its contractual obligation to perform its duties in a safe and workmanlike manner.

After trial, consisting of a stipulation as to what the injured longshoreman would testify and the expert testimony of one Mario Ramirez on the usual methods of stowing and unloading tin bundles such as the one involved in this accident, defendant moved to dismiss the complaint.

In addition to a basic jurisdictional objection defendant's motion raised a number of objections to recovery such as absence of proof of the existence of a contract between plaintiff and defendant, and lack of proof of the reasonableness of the $9,106.00 judgment. Only the jurisdictional objection is appropriately raised. The remaining objections are directed to points which are established by virtue of the stipulation entered into by the parties in the Pretrial Order of March 12, 1976. That stipulation was not eroded by the fact that following the Pretrial Order plaintiff was allowed to file an amended complaint to assert jurisdiction under 28 U.S.C. § 1333 (maritime jurisdiction) in place of the originally asserted diversity jurisdiction of 28 U.S.C. § 1332 because the amount in dispute did not exceed $10,000.00.

·In accordance with that stipulation and based on the further stipulation as to the testimony of the injured longshoreman and the testimony of Mario Ramirez, I arrived at the following findings of facts.

Francisco Vazquez Torres was an employee of defendant working as a motorman on the pier at which the M.V. Speyer was being unloaded by defendant pursuant to contract. Bundles of tin plates were being unloaded on to carts pulled by Vazquez's tractor. The bundles were tied with straps to which two pieces of wood known as "sleepers" were attached on the bottom. A particular bundle was stowed upside down in the ship and was consequently unloaded on to the cart with the sleepers on its top side. The cart was pulled into the pier warehouse where a fork lift operator placed the prongs of the lifter under the upsidedown bundle to raise it while Mr. Vazquez placed pieces of wood underneath. The purpose of this activity was to eventually turn the bundle over so that it would rest on its attached sleepers. In the course of placing the wood pieces Mr. Vazquez was injured.

Defendant asserts this event does not come within the maritime jurisdiction of this court. As will be seen, the jurisdictional question is intertwined with the factual

situation. Defendant relies on the general rule expressed in *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971) that an injury to a longshoreman which occurs on the pier is not within the maritime jurisdiction of the federal courts. In *Victory Carriers* the longshoreman was injured while on the dock by the collapse of the overhead protection rack of the forklift truck he was driving. His general involvement in loading the ship was held to be insufficient to bring the injury within the scope of maritime jurisdiction. However, the Supreme Court explicitly recognized the existence of circumstances in which an injury on the dock could have sufficient connection to the ship to support maritime jurisdiction.

The Supreme Court specifically discussed the case of *Gutierrez v. Waterman S.S. Corp.,* 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963). In the *Gutierrez* case the longshoreman was injured on the dock when he slipped on loose beans which had spilled from sacks which the ship had been negligent in allowing to be unloaded in broken and defective condition. Thus, we may discern an exception to the "locality" rule of the *Victory* case when the injury is caused by an object originating from a ship in an untoward manner, which displays negligence by the ship in the stowage and discharge of cargo.

In this case I find the only reasonable inference from the testimony to be that the bundle of tin plates involved in the injury was stowed on the ship in an inverted position. From this finding of fact two major consequences flow, one regarding jurisdiction and the other regarding liability. Since the event for which jurisdiction is sought occurred as a result of the inverted stowage of the object involved in the injury and is connected directly to that aspect of the conduct of the ship, I am of the opinion maritime jurisdiction is properly invoked despite the occurrence of the injury in the pier warehouse.

However, the vindication of plaintiff's position as regards jurisdiction has, as its unavoidable corollary, the conclusion of law that defendant is not responsible for the injury. Since the initial position of the bundle was such as to clearly require special treatment and represented an unusual hazard, the risk of injury to those who would have to handle it was a foreseeable risk. In creating this risk the ship violated its duty of care to those who were engaged in unloading it. The method used in the attempt to turn the bundle over may not have been the simplest in that it would have been easier to place some wood on the cart before the upside-down bundle was ever placed on it. However, I cannot say the chosen method was unworkmanlike, unreasonable, unsafe or careless under the circumstances or that the failure to use the simplest method was negligent on the part of those involved.

It is of interest to note that under the only other conceivable interpretation of the facts of this case, i.e., that the injury to Vazquez resulted from negligence in the manipulation of the bundle after it was removed from the ship, the incident would have been one which occurred entirely on the pier, without sufficient connection to the ship to support maritime jurisdiction. Under those circumstances dismissal for lack of jurisdiction would have been required.

For the reasons discussed above I reach the following conclusions of law.

The court has jurisdiction of this action under 28 U.S.C. § 1333. The injury to Vazquez was due to the negligence of the ship in stowing upside down the bundle which caused the injury, a circumstance which created a foreseeable risk of injury to those who would have to handle it. By failing to take appropriate measures to correct this condition and safeguard those engaged in the handling of this bundle the plaintiff violated its duty to exercise due care that they be kept free from harm. The measures taken by defendant's employees to correct the hazardous condition created by plaintiff were necessary and reasonable. The injury to Vazquez was proximately caused by the negligence of the ship. Plaintiff has failed to establish by a prepon-

derance of the evidence that defendant was negligent in any respect.

Judgment must therefore be entered for defendant.

Judgment will enter accordingly.